U.S. COURTS

JUL 15 2026

Rcvd______ Filed______ Time______
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

BART M. DAVIS, IDAHO STATE BAR NO. 2629
UNITED STATES ATTORNEY
BRITTNEY CAMPBELL, NORTH CAROLINA STATE BAR NO. 31433
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

DAVID F. SCOLLAN, DISTRICT OF COLUMBIA BAR NO. 90020232
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, TAX SECTION
950 PENNSYLVANIA AVE. NW
WASHINGTON, D.C. 20530-0001
TELEPHONE: (202) 805-6142

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREA SHANNON, KENT SHANNON, MONIKA SKINGER, SHERITA CHANDLER, SAULE MOSHKANOVA, TIFFANY NICHOLS, and STACEY RICE,<br><br>Defendants. | Case No. 1:25-cr-00208-AKB<br><br>**SUPERSEDING INDICTMENT**<br><br>18 U.S.C. § 287<br>18 U.S.C. § 1343<br>18 U.S.C. § 1349<br>18 U.S.C. § 1957<br>18 U.S.C. § 981(a)(1)(A)<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a) |

The Grand Jury charges:

At times relevant to this Indictment:

## Introduction and Background

I. Defendants and Unindicted Conspirators

1. Defendants ANDREA SHANNON and KENT SHANNON were residents of Idaho.

2. Defendant MONIKA SKINGER was a resident of Illinois.

3. Defendant SHERITA CHANDLER was a resident of Florida.

4. Defendant SAULE MOSHKANOVA was a resident of California.

5. Defendant TIFFANY NICHOLS was a resident of Georgia.

6. Defendant STACEY RICE was a resident of California.

7. The DEFENDANTS acted with others both known and unknown to the grand jury, including but not limited to the following:

a. Unindicted Conspirator 1 ("UC-1"), a resident of Illinois.

b. Unindicted Conspirator 2 ("UC-2"), a resident of Texas.

c. Unindicted Conspirator 5 ("UC-3"), a resident of New York.

d. Unindicted Conspirator 6 ("UC-4"), a resident of Maine.

II. Internal Revenue Service and Internal Revenue Service Forms

8. The Internal Revenue Service ("IRS") was an agency of the U.S. Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

9. IRS Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was used by U.S. taxpayers to file an annual income tax return.

10. Form 1040-X, Amended U.S. Individual Income Tax Return ("Form 1040-X"), was used by U.S. taxpayers to file an amended annual income tax return.

11. IRS Form 1041, U.S. Income Tax Return for Estates and Trusts ("Form 1041"), was used by the fiduciary of a domestic decedent's estate, trust, or bankruptcy estate to report, among other things, the income, deductions, gains and losses of an estate or trust.

III. Definitions

12. The term "fictitious financial instrument," as used in this Indictment, refers to fraudulent checks, fraudulent money orders, fraudulent payment vouchers, and other fraudulent documents purporting to be legitimate financial instruments prepared by the conspirators and submitted to the IRS.

13. The term "negotiable instrument" ("NI") was used by the conspirators to refer to their various fictitious financial instruments.

**COUNT ONE**
**Conspiracy to Commit Wire Fraud**
**18 U.S.C. § 1349**

14. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs one through 11 of this Indictment.

15. Beginning in or around at least February 2023 and continuing to at least in or around October 2024, the exact dates being unknown to the Grand Jury, in the District of Idaho and elsewhere, the DEFENDANTS, ANDREA SHANNON, KENT SHANNON, SHERITA CHANDLER, MONIKA SKINGER, SAULE MOSHKANOVA, TIFFANY NICHOLS, and STACEY RICE, together with others known and unknown to the Grand Jury, including UC-1, UC-2, UC-3, UC-4 (the "conspirators"), did knowingly and intentionally combine, conspire, confederate, agree to commit wire fraud, that is: devise and intend to devise a scheme and artifice to defraud, as to material matters, and to obtain money and property by means of materially false and fraudulent pretenses, representations,

and promises, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

**Object of the Conspiracy**

16. It was an object of the conspiracy for the DEFENDANTS, ANDREA SHANNON, KENT SHANNON, SHERITA CHANDLER, MONIKA SKINGER, SAULE MOSHKANOVA, TIFFANY NICHOLS, and STACEY RICE, and their conspirators to unlawfully enrich themselves by submitting false tax returns and fictitious financial instruments to the IRS to fraudulently obtain refunds that they were not otherwise entitled to receive. The fictitious financial instruments were sometimes characterized as payments to the IRS on false Forms 1040, Forms 1040-X, and Forms 1041 that fraudulently claimed refunds. Other times, the fictitious financial instruments were simply sent to the IRS to be credited to an individual's IRS account. In both cases, the DEFENDANTS and conspirators intended for the IRS to issue a U.S. Treasury check or electronic payment refunding the supposed overpayment.

**Manner and Means**

17. The DEFENDANTS, ANDREA SHANNON, KENT SHANNON, SHERITA CHANDLER, MONIKA SKINGER, SAULE MOSHKANOVA, TIFFANY NICHOLS, and STACEY RICE, and their conspirators carried out the conspiracy through the following manner and means, among others:

a. Utilizing interstate wires to (1) communicate about submitting fictitious financial instruments to the IRS; (2) communicate about submitting false tax returns to the IRS; (3) fraudulently obtain payments from the IRS, including wire transfers from the U.S. Department of the Treasury into their bank accounts; (4) wire fraudulently

obtained proceeds to other conspirators, family members, and other bank accounts controlled by the conspirators; and (5) transmit templates of fictitious financial instruments to other conspirators;

b. Submitting at least 101 fictitious financial instruments totaling approximately $57 million to the IRS with the goal of fraudulently obtaining refunds;

c. Recording and sharing video lectures via Telegram to educate and assist other individuals in preparing and submitting fictitious financial instruments;

d. Preparing and aiding and assisting others in the preparation of, and filing and causing to be filed, false Forms 1040, Forms 1040-X, and Forms 1041;

e. Opening bank accounts in the name of supposed trusts for the purpose of receiving fraudulently obtained refunds;

f. Depositing and causing to be deposited the fraudulently obtained refunds into bank accounts under their control and then disbursing and causing to be disbursed these refunds, including to wire transfers to each other individually and through their associated entities;

g. Advising one another about means of obstructing the IRS's ability to recoup the fraudulently obtained funds, such as by purchasing real and personal property, including vehicles and homes in the District of Idaho and elsewhere;

h. Communicating via text messages, Telegram messages, emails, and video conference calls to exchange information about their scheme. In these messages,

emails, and calls, the conspirators discussed the preparation, filing, and submission of false tax returns and fictitious financial instruments to the IRS. For example:

1) Some of the conspirators communicated among themselves via text messages in a text message group titled "Superwomen 2.0."

2) UC-1 created a group Telegram message titled "NIs to the IRS," that is, negotiable instruments to the IRS, which included approximately 66 members, including ANDREA SHANNON, MONIKA SKINGER, SHERITA CHANDLER, SAULE MOSHKANOVA, TIFFANY NICHOLS, STACEY RICE, UC-1, UC-2, UC-3, and UC-4.

i. Notarizing fraudulent documents for themselves and others to submit to the IRS to make the documents appear legitimate;

j. Obtaining, creating, and sharing, among themselves and with others, templates for fictitious financial instruments and correspondence to the IRS;

k. Creating and maintaining logs to track IRS Service Centers to which the conspirators had successfully submitted false tax returns and fictitious financial instruments that resulted in the IRS issuing fraudulent refunds; and,

l. After receiving notices from the IRS advising them that their fictitious financial instruments were dishonored, the conspirators submitted these notices back to the IRS with handwritten annotations attempting to convert those notices into additional fictitious financial instruments.

All in violation of 18 U.S.C. § 1349.

**COUNTS TWO THROUGH FOUR**
**Wire Fraud**
**18 U.S.C. § 1343**

18. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through 11 and 17 of this Indictment.

19. Beginning in or around at least October 2023 and continuing until at least in or around August 2024, in the District of Idaho and elsewhere, the defendant, KENT SHANNON, knowingly devised, and intended to devise, a scheme and artifice to defraud the IRS as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

20. To further the objects and goals of the scheme, the defendant, KENT SHANNON, carried out the scheme through the manner and means described in paragraph 17 of this Indictment, among others.

**Executions of the Scheme**

21. On or about the dates set forth below, in the District of Idaho and elsewhere, the defendant, KENT SHANNON, for the purpose of executing, and attempting to execute the scheme described above, did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate commerce the writings, signs, signals and sounds described below for each count, each transmission constituting a separate count of this Indictment:

| Count | Date (on or about) | Interstate Wire Communication |
|---|---|---|
| 2 | May 31, 2024 | Electronic filing of Form 1040 for tax year 2023 with the IRS |
| 3 | August 26, 2024 | Wire transfer from U.S. Department of the Treasury of $238,087.22 to Financial Institution-1 account No. X2352 |

| | | |
|---|---|---|
| 4 | August 28, 2024 | Wire transfer from U.S. Department of the Treasury of $501,861.17 to Financial Institution-2 account No. X1628 |

All in violation of 18 U.S.C. § 1343.

**COUNTS FIVE THROUGH SEVEN**
**Wire Fraud**
**18 U.S.C. § 1343**

22. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through 11 and 17 of this Indictment.

23. Beginning in or around at least October 2023 and continuing until at least in or around August 2024, in the District of Idaho and elsewhere, the defendant, ANDREA SHANNON, knowingly devised, and intended to devise, a scheme and artifice to defraud the IRS as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

24. To further the objects and goals of the scheme, the defendant, ANDREA SHANNON, carried out the scheme through the manner and means described in paragraph 17 of this Indictment, among others.

**Executions of the Scheme**

25. On or about the dates set forth below, in the District of Idaho and elsewhere, the defendant, ANDREA SHANNON, for the purpose of executing, and attempting to execute the scheme described above, did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate commerce the writings, signs, signals and

sounds described below for each count, each transmission constituting a separate count of this Indictment:

| Count | Date (on or about) | Interstate Wire Communication |
|---|---|---|
| 5 | May 17, 2024 | Electronic filing of Form 1040 for tax year 2023 with the IRS |
| 6 | August 26, 2024 | Wire transfer from U.S. Department of the Treasury of $238,087.22 to Financial Institution-1 account No. 2352 |
| 7 | August 28, 2024 | Wire transfer from U.S. Department of the Treasury of $501,861.17 to Financial Institution-2 account No. 1628 |

All in violation of 18 U.S.C. § 1343.

## COUNT EIGHT
**False Claims**
**18 U.S.C. § 287**

26. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 11 of this Indictment.

27. On or about the dates set forth below, in the District of Idaho, the defendant, KENT SHANNON, made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the U.S. Department of the Treasury, claims against the United States for payment of a refund of taxes, knowing those claims to be false, fictitious, and fraudulent:

| Count | Tax Period | Tax Form | Taxpayer Name | Filing Date (on or about) | Refund Claimed |
|---|---|---|---|---|---|
| 8 | 2023 | Form 1040 | KENT SHANNON | 6/1/2024 | $976,000 |

All in violation of 18 U.S.C. § 287.

## COUNT NINE

**False Claims**
**18 U.S.C. § 287**

28. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 11 of this Indictment.

29. On or about the dates set forth below, in the District of Idaho, ANDREA SHANNON, made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the U.S. Department of the Treasury, claims against the United States for payment of a refund of taxes, knowing those claims to be false, fictitious, and fraudulent:

| Count | Tax Period | Tax Form | Taxpayer Name | Filing Date (on or about) | Refund Claimed |
|---|---|---|---|---|---|
| 9 | 2023 | Form 1040 | ANDREA SHANNON | 5/17/2024 | $589,000 |

All in violation of 18 U.S.C. § 287.

## COUNTS TEN THROUGH TWELVE

**False Claims**
**18 U.S.C. § 287**

30. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 11 of this Indictment.

31. On or about the dates set forth below, in the District of Idaho, the defendants, KENT SHANNON and ANDREA SHANNON, made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the U.S. Department of

the Treasury, claims against the United States for payment of a refund of taxes, knowing those claims to be false, fictitious, and fraudulent:

| Count | Tax Year | Tax Form | Taxpayer Name | Filing Date | Refund Claimed |
|---|---|---|---|---|---|
| 10 | 2020 | Form 1040 | KENT SHANNON and ANDREA SHANNON | 11/29/2023 | $890,000 |
| 11 | 2021 | Form 1040 | KENT SHANNON and ANDREA SHANNON | 11/29/2023 | $945,000 |
| 12 | 2022 | Form 1040 | KENT SHANNON and ANDREA SHANNON | 11/14/2023 | $1,200,000 |

All in violation of 18 U.S.C. § 287.

**COUNTS THIRTEEN THROUGH TWENTY**
**Money Laundering**
**(Engaging in Monetary Transactions in Property Derived from Wire Fraud)**
**18 U.S.C. § 1957**

32. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through 11, 15, 17 through 19, and 21 through 23 of this Indictment.

33. On or about the dates listed below, in the District of Idaho and elsewhere, the defendant, KENT SHANNON, did knowingly engage and attempt to engage in the monetary transactions indicated below by, through, and to a financial institution, affecting interstate commerce, knowing that such transactions involved criminally derived property of

a value greater than $10,000, such property having been derived from a specified unlawful activity, that is wire fraud, in violation of 18 U.S.C. §1343:

| Count | Date (on or about) | Amount | Description of Monetary Transaction |
|---|---|---|---|
| 13 | August 27, 2024 | $90,700.40 | Cashier's check No. 590198 funded from Financial Institution-1 account No. 2352 made payable to Car Dealership-1 |
| 14 | August 27, 2024 | $90,700.40 | Purchase of 2022 Cadillac Escalade using Cashier's check No. 590198 |
| 15 | September 18, 2024 | $80,000 | Cashier's check No.449572 funded from Financial Institution-1 account No. 2352 made payable to KENT SHANNON |
| 16 | September 18, 2024 | $20,000 | Cash withdrawal from Financial Institution-1 account No. 2352 |
| 17 | August 29, 2024 | $200,000 | Wire transfer from Financial Institution-2 account No. 1628 to Financial Institution-2 account No. 5431 |
| 18 | August 29, 2024 | $144,149.32 | Cashier's check No. 455267 funded from Financial Institution-2 account No. 5431 made payable to Car Dealership-1 |
| 19 | August 29, 2024 | $144,149.32 | Purchase of GMC Truck Sierra 3500 AWD Crew Cab Pickup using cashier's check No. 455267 |
| 20 | September 4, 2024 | $30,000 | Wire transfer from Financial Institution-2 account No. 1628 to MONIKA SKINGER's Financial Institution-3 account No. 4925 |

All in violation of 18 U.S.C. § 1957.

## CRIMINAL FORFEITURE ALLEGATION(S)
**Fraud Forfeiture**
**18 U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c)/18 U.S.C. § 982(a)**

Upon conviction of the offenses alleged in Counts One through Seven of this Indictment, the DEFENDANTS shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said

DEFENDANTS obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

a. Seized Personal Property:

- Bank Account at Financial Institution-2 ending in x1628 in the amount of $269,016.92;
- Bank Account at Financial Institution-2 ending in x5431 in the amount of $35,151.51;
- Bank Account at Financial Institution-1 ending in x2352 in the amount of $18,285.99;
- Bank Account at Financial Institution-1 ending in x2352 in the amount of $80,000.00;
- 2024 GMC Truck Sierra 3500 4WD Crew Cab Pickup VIN: 1GT49WEY9RF336989; and
- 2022 Cadillac Escalade ESV VIN: 1GYS4PKL5NR174169.

b. Real Property Subject to Forfeiture. The real property, located as set forth below, including all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, and all equity in the same, as proceeds of the crime of conviction and derived from, and traceable to, proceeds:

- 1721 Wadsworth Circle, Roseville, CA 95747
  Parcel No. 492-520-016-000
  Fiddyment Ranch – Phase 3 Village F-10 Phase 2 Lot 20

c. Unrecovered Cash Proceeds and/or Facilitating Property. The DEFENDANTS obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the DEFENDANTS

used to facilitate the offense, but based upon actions of the DEFENDANTS, the property was transferred, diminished, comingled, or is otherwise unavailable. The DEFENDANTS obtained and controlled at least $4,271,792 in unrecovered forfeitable property.

d. Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of DEFENDANTS" up to the value of the DEFENDANTS' assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

**Money Laundering Forfeiture**
**18 U.S.C. § 981(a)(1)(A), § 982(a)(1), and 28 U.S.C. § 2461(c).**

Upon conviction of the offenses alleged in alleged in Counts 13 through 20 of this Indictment, the defendant, KENT SHANNON, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A), § 982(a)(1), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations; and any and all property, real and personal, tangible and intangible, used or

intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses.

1. If any of the property described above, as a result of any act or omission of the Defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Dated this 15th day of July 2026.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

BRITTNEY CAMPBELL
ASSISTANT UNITED STATES ATTORNEY
DAVID F. SCOLLAN
TRIAL ATTORNEY, CRIMINAL DIVISION, TAX SECTION